IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR MANUEL CORREA,

        Plaintiff,                      No. CIV S-09-1692 GGH P

    vs.

PATRICIA ESGRO, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. <u>See</u> docket # 4.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

      A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff has filed a document of 266 pages in length, which includes a 25-page complaint plus another 241 pages in exhibits. Plaintiff purports to sue Sacramento County Superior Court Judge Patricia Esgro; Sacramento County Deputy District Attorney Curtis Fiorini; plaintiff's trial attorney, Brad Holmes; Conrad Petermann, plaintiff's attorney on appeal from the Central California Appellate Program. Plaintiff believes he is being subjected to cruel and unusual punishment by the imposition of his sentence. Complaint, pp. 5. He appears to allege that defendant Esgro, inter alia, failed to fully inform him of his appeal rights and the details for filing an appeal at the end of his trial, that she should have vacated the jury verdict (at least to the extent that plaintiff was found guilty), that she should not have allowed expert testimony on latent fingerprints by a "student trainee," that she denied him due process in sentencing him. Id., at 5-6, 10-11, 16-17. Plaintiff complains that he was supposed to be in federal court in San Francisco, before the Supreme Court of California on May 25, 2009. Id., at 6. (However, the court notes that plaintiff appears to be particularly confused on this point as the California Supreme Court is the highest *state* court, not a federal court). Plaintiff believes the Third District Court of Appeal decision affirming his conviction is a "forgery," although he acknowledges that three state appellate court judges have signed their names to it. Complaint, p. 5 & Exhibit A. Plaintiff does not clarify why he believes the document to be forged but contends it is a "crime" of "great magnitude." Id. Plaintiff makes a series of allegations regarding the claimed deficiencies and contradictions in the processing of his appeal, and contends that his appellate attorney's assistance was ineffective. Id., at 6-10. Plaintiff attacks the perceived deficiencies of his trial, the evidence against him and his conviction. Id., at 11-24. Plaintiff even resurrects a

claimed assault upon him which he maintains occurred while he was in jail during the trial (an incident which has evidently been the subject of a previous case in this court).[1]

Plaintiff seeks to be released from prison, to have criminal charges filed against the defendants, and money damages in the amount of ten billion dollars. Complaint, p. 4.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we held that where success in a prisoner's §1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.

Muhammad v. Close, 540 U.S.749, 750-751, 124 S.Ct. 1303, 1304 (2004) (per curiam). In this case, plaintiff seeks release from custody by an inappropriate vehicle; such relief is only available by way of a petition for writ of habeas corpus. Plaintiff also seeks money damages, which as noted above, is barred by Heck, supra, where plaintiff seeks such damages based on the alleged improprieties of his conviction and appeal, where plaintiff has yet to show the judgment has been invalidated. This action must be dismissed, but plaintiff will be granted leave to amend in order to demonstrate that the judgment he attacks has been invalidated, although on the face of it this appears not to be possible.

Moreover, as to defendant Judge Esgro, the Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability

---

[1] See Complaint, pp. 231-233, copy of complaint filed in Case No. CIV S- 06-2779 MCE EFB P.

4

for damages under § 1983.  Pierson v. Ray, 386 U.S. 547 (1967).  A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872).  A judge's jurisdiction is quite broad.  The two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

The conduct for which plaintiff seeks to implicate Judge Esgro is wholly related to her actions in her judicial capacity, e.g., allegedly not fully informing him of his appellate rights, failing to vacate the verdict, allowing an unqualified witness to give expert testimony, and this defendant will also be dismissed on the basis of being absolutely immune in this context.

As to defendant Fiorini, prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized requires a functional analysis.  The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies.  Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc).  The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune.  Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

As to defendant Fiorini, plaintiff seeks to implicate him for the manner by which he was prosecuted in the underlying conviction and apparently for bringing charges against him based on allegedly inadequate evidence and this defendant must be dismissed on the ground of being absolutely immune as well.

With regard to defendant Brad Holmes and defendant Conrad Petermann, evidently plaintiff's trial public defender and appointed appellate counsel respectively, both of whom plaintiff essentially alleges rendered him ineffective assistance of counsel at his criminal trial and on appeal, plaintiff is informed that under 42 U.S.C. § 1983:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Therefore, in order to state a claim under section 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the act complained of was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 27, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). A "lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445, 450 (1981). This is the case even if plaintiff seeks to sue counsel appointed by the court, or a public defender, to represent plaintiff (as defendant) at his criminal trial. Polk County, supra, at 318-19, 102 S.Ct. at 449-50.

Therefore, defendants Holmes and Petermann are also dismissed on this separate ground.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,

vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (docket # 1) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's August 12, 2009, request for the appointment of counsel (docket # 5) is denied.

1.       4. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in dismissal of this action.

DATED: October 1, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
corr1692.bnf